**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDMUND GILCHRIST,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-0101** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **KAREN HOGSTEN,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

I.   **Background**

Plaintiff, Edmund Gilchrist, formerly[1] an inmate at the Allenwood Federal

Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this

*pro se* action by filing a *Bivens*[2] civil rights complaint (Doc. 1).  Subsequently, Plaintiff filed

an amended complaint (Doc. 23) with leave of court.  Defendants are current and/or former

officials at FCI-Allenwood.  Plaintiff claims that Defendants failed to follow appropriate

administrative procedures prior to placing Plaintiff in the Special Housing Unit at FCI-

Allenwood.

Currently pending is Defendants' Motion to Dismiss Plaintiff's Amended Complaint

or, in the Alternative, for Summary Judgment.  (Doc. 30).  A Brief in Support of the Motion

(Doc. 39), and a Statement of Material Facts and exhibits (Doc. 40) were timely filed.

---

[1]Plaintiff is currently confined in the United States Penitentiary in Atlanta, Georgia.
*See* Docs. 18 and 19.

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a
constitutionally protected interest could invoke the general federal question jurisdiction of
the district court to obtain an award of monetary damages against the responsible federal
official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Plaintiff filed no response, nor brief in opposition.  By Order dated November 14, 2006 (Doc. 44), this Court directed Plaintiff to file a counter-statement of facts, applicable exhibits, and a brief in opposition to Defendant's motion within fifteen (15) days.  The Order forewarned Plaintiff that if he failed to timely file the documents, the motion to dismiss would be deemed unopposed and the motion would be granted.  Thereafter, by Order dated November 30, 2006 (Doc. 47), the Court granted Plaintiff's motion for enlargement of time to respond to Defendants' motion, and Plaintiff was granted an additional sixty (60) days in which to do so.  The Order of November 14, 2006 reminded Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis, and the Court forewarned that the case would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Although the extended deadline for filing an opposing brief expired on January 29, 2007, Plaintiff had neither filed a brief in opposition to Defendants' motion, nor had he requested an extension of time in which to do so.  Nevertheless, on February 5, 2007, the Court received an unsigned statement of material facts (Doc. 55), Exhibits (Doc. 54), an unsigned motion (Doc. 51) and unsigned supporting brief (Doc. 52) for leave to exceed the page limitations for the brief in opposition to Defendants' motion, and an unsigned 39-page brief in opposition (Doc. 53) to Defendants' motion.  The documents were sent under cover letter dated January 30, 2007, from another inmate (Jason Wilson) asking the Court to accept the unsigned documents until signed copies are received from Plaintiff.

## II.   Discussion

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted

2

simply because it is unopposed.    However, the Third Circuit Court of Appeals did not

preclude dismissal based upon an unopposed motion, after adequate warning.  "We do not

suggest that the district court may never rely on the local rule to treat a motion to dismiss

as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest

that if a party fails to comply with the rule after a specific direction to comply from the court,

the rule cannot be invoked."  *Id*.  Plaintiff was advised of the requirements to file a brief in

opposition to Defendants' motion, and he was specifically notified that failure to timely file a

brief in opposition would result in dismissal.

Although Plaintiff has purportedly sent a brief through a surrogate, the brief was

untimely, and it does not comply with the Rules of Court.  (*See* Fed. R. Civ. P. 11 and M.

D. Pa. L. R. 7.8.)  Since the brief was unsigned, and Plaintiff knew this when it was mailed,

he has not corrected the omission promptly after his awareness of the omission, as

required by Fed. R. Civ. P. 11.[3]   Moreover, Plaintiff's brief exceeds the fifteen page limit of

the Local Rules, and Plaintiff has not sought prior approval at least two days prior to the

due date, as required by M. D. Pa. L. R. 7.8.[4]   Thus, the brief will be stricken, Defendants'

motion to dismiss will be deemed unopposed, and the Court will grant the Defendants'

---

[3]Fed. R. Civ. P. 11 states, in relevant part:
> Every pleading, written motion, and other paper shall be signed . . .
> An unsigned paper shall be stricken unless omission of the signature is
> corrected promptly after being called to the attention of the party.

[4]M. D. Pa. L. R. 7.8 states, in relevant part:
> (b) **Length of Briefs**
> (1) Unless the requirements of Local Rule 7.8 (b) . . . (3) are met,
> no brief shall exceed fifteen (15) pages in length . . .
> (3) No brief exceeding the limits described in this rule may be filed
> without prior authorization.  Any motion seeking such authorization
> . . . shall be filed at least two (2) working days before the brief is due.

unopposed motion to dismiss without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; Fed.

R. Civ. P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir. 1991).  An appropriate Order follows.


Dated: February 8, 2007.   _____ /s/ A. Richard Caputo _____
                                          A. RICHARD CAPUTO
                                          United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDMUND GILCHRIST,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-0101** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **KAREN HOGSTEN, *et al.,*** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

**AND NOW, THIS 8th DAY OF FEBRUARY, 2007,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's Motion For Leave to File a Brief in Excess of Fifteen Pages (Doc.

51) is **DENIED**.

2.    Defendants' unopposed motion to dismiss (Doc. 30) is **GRANTED**.

3.    The Clerk of Court shall close this case.

4.    Any appeal from this order will be deemed frivolous, without probable cause

and not taken in good faith.

_____
/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

5